UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LILLIE D. BOOZE KITTLING
     Plaintiff    *    DOCKET NO. _____

VERSUS    *    JUDGE DRELL

CENTENNIAL BEAUREGARD
CELLULAR, LLC (D/B/A
CENTENNIAL WIRELESS    *    MAGISTRATE JUDGE KIRK
     Defendant
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT**

The Complaint of **LILLIE D. BOOZE KITTLING**, a citizen and resident of the Parish of Rapides, State of Louisiana, respectfully represents that:

I.

Made defendant herein is **CENTENNIAL BEAUREGARD CELLULAR, LLC (D/B/A CENTENNIAL WIRELESS)**, a limited liability company, authorized to do and doing business in the State of Louisiana, whose agent for service of process is UCS of Louisiana, Inc., 3867 Tower Dr., 1st Floor, Baton Rouge, Louisiana, 70816.

II.

This civil action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and the American with Disabilities Act, 42 U.S.C. §12201, et seq. in 1990. This Court has jurisdiction under the provisions of 28 U.S.C. §1343 (4) and 42 U.S.C. §2000e-5 (f).

III.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts that give rise to plaintiff's claim occurred in this district.

IV.

On or about August 14, 2007, plaintiff became employed with defendant as an inside sales representative in defendant's retail store located at 3628 Monroe Hwy., Pineville, Rapides Parish, Louisiana.

V.

At the time of plaintiff's hiring, she was a breast cancer survivor, a single divorced mother and an African American female.

VI.

Plaintiff shows that subsequent to her hiring, she was to have undergone initial job training by defendant's personnel at the Pineville store, but they refused to train plaintiff. In addition, plaintiff was not accorded the same work privileges as other sales representatives at defendant's store. Said refusal and disparate treatment was reported to defendant's branch manager and area assistant manager, to no avail.

VII.

Subsequent to her hiring on or about August 27, 2007, plaintiff continued attending courses at Centennial University, the corporate training center in Alexandria, and successfully completed those courses on or about October 5, 2007.

VIII.

On or about October 27, 2007, plaintiff was rushed to the emergency room at Rapides Regional Medical Center with a life-threatening situation which led to surgery on November 9, 2007. Surgery was contemplated sooner, but plaintiff's medical condition contraindicated an earlier surgery.

IX.

As a result of the above, plaintiff was off from October 27, 2007 to November 12, 2007 due to her medical emergency and surgery at Huey P. Long Medical Center. She returned to work on November 13, 2007 though her doctors had indicated she should delay her return.

X.

On November 25, 2007, plaintiff developed an infection as a result of the surgery and on November 27, 2007, suffered an allergic reaction to the medication plaintiff's doctor prescribed and returned to the hospital on November 28, 2007.

XI.

Plaintiff shows that she had her mother telephone the Pineville branch manager on November 27, 2007 informing her of plaintiff's health crisis. After leaving the hospital on November 28, 2007, plaintiff called the branch manager to let her know she would try to return to work the next day and was informed by the branch manager that plaintiff was terminated due to unexcused absences. At the time of her termination, plaintiff was the only African American sales representative employed by defendant at the Pineville retail store.

XII.

Subsequent to plaintiff's termination, she contacted the Human Resources Department of defendant and sent additional medical information documenting that she would have a six (6) week recovery period from her November 9, 2007 surgery.

XIII.

After providing said documentation to the Human Resource Department and not hearing from them, plaintiff proceeded to file a claim with the Equal Employment Opportunity Commission charging that the defendant discharged her from her employment on the basis of her race and on the basis of her disability as defined by the American with Disabilities Act of 1990.

XIV.

On or about July 7, 2008, plaintiff received a notification of the right to sue from the Equal Employment Opportunity Commission.

XV.

Plaintiff shows that the above described actions of defendant deprived of the benefits, income, privileges, terms and conditions of her employment with defendant because of her race and disability in violations of the provisions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and the American with Disabilities Act, 42 U.S.C. §12201, et seq. in 1990.

XVI.

As a result of the unlawful and discriminatory actions complained of herein, plaintiff has suffered damages in the following areas for which she is entitled to recover:

(a) Past, present and future loss of earnings and fringe benefits;

(b) Mental anguish, anxiety, humiliation, embarrassment and inconvenience, past, present and future;

(c) Loss of employer furnished health insurance and the opportunity to become fully vested for retirement purposes; and

(d) All other damages allowed by law, including liquidated, exemplary and punitive damages, reasonable attorney fees and costs.

XVII.

Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff demands:

1. Judgment against the defendant and prays that this Court award plaintiff back wages, compensatory damages, statutory liquidated, exemplary and punitive damages and such other monetary award as may be deemed appropriate in amounts to be determined at trial, but in no event less than Two Hundred Fifty Thousand and No/100 ($250,000.00);

2. That plaintiff recover from defendant pre-judgment interest to the maximum extent permitted by law;

3. That plaintiff recover from defendant her costs, including reasonable attorney fees, together with other remedies as may be provided by law;

4. That a trial by jury be held; and

5. That this Court award such other further relief as may be just and equitable.

**BROUSSARD, HALCOMB & VIZZIER**

BY:____s/Daniel E. Broussard, Jr._____
**DANIEL E. BROUSSARD, JR., #3510**
912 5th Street
Post Office Box 1311
Alexandria, Louisiana 71309-1311
Telephone: (318) 487-4589

**ATTORNEYS FOR PLAINTIFF**
